**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

|  |  |  |
|---|---|---|
| RONALD WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00037-NCC |
| | ) | |
| DR. MICHAEL T. BAUMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on a memorandum filed by plaintiff Ronald White that

has been construed as a motion for a temporary restraining order and a motion for a 180-day

extension of time in which to file an amended complaint. For the reasons discussed below, the

motions will be denied. Additionally, plaintiff will be given thirty days in which to either file an

amended complaint as previously ordered, or to file a motion for a voluntary dismissal.

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Southeast

Correctional Center in Charleston (SECC), Missouri. On March 8, 2021, he filed a document with

the Court titled "Declaration of Ronald White," which was construed as a civil action pursuant to

42 U.S.C. § 1983. (Docket No. 1). The complaint named Dr. Michael T. Bauman and the

Southwest Dental Center as defendants. It was not on a Court-provided form.

In the complaint, plaintiff stated that in August 2020, he was treated by Dr. Bauman at the

Southwest Dental Center, which is located in Jefferson City, Missouri. (Docket No. 1 at 1).

According to plaintiff, Dr. Bauman "fractured [his] jaw" while extracting "several teeth from [his]

mouth."

On January 4, 2021, while at the SECC, Dr. Brown x-rayed his jaw and confirmed that it "had been fractured as a result of the dental procedure performed by Dr. Bauman."

On February 22, 2021, plaintiff was again seen by Dr. Bauman at the Southwest Dental Center. (Docket No. 1 at 2). Plaintiff asserted that the visit was with regard to his jaw fracture, but that "Dr. Bauman was unaware that [plaintiff had] viewed the x-rays taken" at the SECC. Plaintiff alleged that "Dr. Bauman attempted to conceal [his] jaw fracture by misdiagnosing [him] with an [infection] in the jaw bone." Furthermore, plaintiff claimed that Dr. Bauman gave him antibiotics and scheduled an oral surgery, all to fight a nonexistent infection. Plaintiff suggested that the upcoming surgery was "unnecessary" and "may cause irreparable injury."

On March 12, 2021, the Court ordered plaintiff to file an amended complaint on a Court form. (Docket No. 5). The Court's order provided instructions to assist him in completing his amended complaint. Plaintiff was given thirty days in which to comply.

On March 24, 2021, plaintiff submitted a document titled "Memorandum," which the Court has construed as a motion for a temporary restraining order and a motion for a 180-day extension of time in which to file an amended complaint. (Docket No. 6).

## Motion for a Temporary Restraining Order

Plaintiff seeks a temporary restraining order against Dr. Bauman. In support of this request, plaintiff again states that in August 2020, he was treated by Dr. Bauman at the Southwest Dental Center in Jefferson City, Missouri. (Docket No. 6-1 at 1). While extracting several teeth, Dr. Bauman allegedly "fractured [his] jaw." Plaintiff asserts that x-rays taken at the SECC on January 4, 2021 confirmed that his jaw had been fractured.

On February 22, 2021, plaintiff again saw Dr. Bauman at the Southwest Dental Center. According to plaintiff, Dr. Bauman "attempted to conceal [his] jaw fracture by misdiagnosing

2

[him] with an [infection] in the jaw bone." (Docket No. 6-1 at 1-2). Dr. Bauman prescribed him antibiotics and planned to perform oral surgery. (Docket No. 6-1 at 2). Plaintiff insists that the infection is nonexistent, and that the procedure is unnecessary and "may cause irreparable injury." He further contends that a temporary restraining order must be issued because he "will suffer immediate and irreparable injury if this Court does not issue the TRO [before] Dr. Bauman has the chance to respond."

### Motion for 180-Day Extension of Time

Plaintiff also seeks a 180-day extension of time in which to file a civil action under 42 U.S.C. § 1983. He states that he never intended to sue Dr. Bauman at this time, and that he has not exhausted his institution's grievance procedure. (Docket No. 6 at 1). As such, he asks for 180 days in which to file an amended complaint. (Docket No. 6 at 2).

### Discussion

Plaintiff is a self-represented litigant who is seeking both a temporary restraining order and an extension of time in which to file an amended complaint. For the reasons discussed below, the motions will be denied.

### A. Temporary Restraining Order

Preliminary injunctive relief is an extraordinary remedy, never awarded as of right. *See Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). *See also Roudachevski v. All-American Care Centers, Inc.*, 648 F. 3d 701, 705 (8th Cir. 2011). As such, plaintiff has the burden of proving that an injunction should be issued. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm

with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). *See also Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). These same standards also apply to a request for a temporary restraining order. *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (affirming district court's application of *Dataphase* factors to a motion for a temporary restraining order). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting" injunctive relief. *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986).

Here, plaintiff has not carried his burden of showing that a temporary restraining order should be issued. In particular, plaintiff has not established the threat of irreparable harm if a temporary restraining order is not issued. While plaintiff asserts that Dr. Bauman plans to perform surgery "within the coming weeks" that "may cause irreparable injury," he has provided absolutely no indication that he is being forced to undergo this procedure against his will. That is, there are no facts demonstrating that Dr. Bauman – or anyone else – is somehow compelling plaintiff to submit to an unnecessary surgery, or that plaintiff cannot simply refuse. Furthermore, there is no indication that Dr. Bauman is even aware of plaintiff's concerns. To the contrary, it appears that for whatever reason, plaintiff has not communicated his belief that his jaw has been fractured and that surgery is not necessary. As such, plaintiff has not shown that a temporary restraining order is required to protect him from harm.

Plaintiff has also not demonstrated a likelihood of success on the merits. It appears that he is attempting to bring a 42 U.S.C. § 1983 action against Dr. Bauman, which requires him to

4

establish both that Dr. Bauman acted under color of law and violated a constitutionally protected federal right. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Here, plaintiff has not presented sufficient facts to show that Dr. Bauman was acting under color of law. Even if he was, plaintiff has not sufficiently alleged that Dr. Bauman was deliberately indifferent to his medical needs. Specifically, plaintiff has not established that Dr. Bauman's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). There are no facts to support the proposition that Dr. Bauman intended to fracture plaintiff's jaw, or that he is – as plaintiff concludes – attempting to cover that up. Rather, at this point, plaintiff has at most shown that Dr. Bauman was negligent, which does not constitute deliberate indifference. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (stating that a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence).

Regarding the issue of whether a situation is ripe for injunctive relief, a court "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). Plaintiff has not presented facts showing either that a constitutional violation has already occurred, or that there is a real and immediate threat of a constitutional violation in the future. For these reasons, plaintiff's motion for a temporary restraining order is denied.

## B. Motion for an Extension of Time

Plaintiff also seeks an extension of time to file an amended complaint, explaining that he has not exhausted his administrative remedies. He seeks at least 180 additional days. Based on the length of this request, the Court will deny the motion. Plaintiff shall have thirty days from the date of this order in which to either file an amended complaint in accordance with the Court's March

12, 2021 order, or to file a motion for voluntary dismissal. If plaintiff files a motion for voluntary dismissal, the case will be dismissed without prejudice to plaintiff later refiling this action once his administrative remedies have been exhausted. If plaintiff does not file either an amended complaint or a motion for voluntary dismissal within thirty days, this action will be dismissed without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a temporary restraining order is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a 180-day extension of time is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date of this order in which to file either an amended complaint in accordance with the Court's March 12, 2021 order, or a motion for voluntary dismissal.

**IT IS FURTHER ORDERED** that if plaintiff does not file either an amended complaint or a motion for voluntary dismissal within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that if plaintiff files an amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 25th of March, 2021.


RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

6