UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

RONALD WHITE,                    )
                                 )
         Plaintiff,              )
                                 )
    v.                           )          No. 1:21-cv-00037-NCC
                                 )
DR. MICHAEL T. BAUMAN,           )
                                 )
         Defendant.              )

## MEMORANDUM AND ORDER

This matter comes before the Court on a document filed by plaintiff Ronald White titled "Motion to Correct Filed Complaint" that has been construed as a motion for a preliminary injunction and temporary restraining order. For the reasons discussed below, the motion will be denied.

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Southeast Correctional Center (SECC) in Charleston, Missouri. On March 8, 2021, he filed a document with the Court titled "Declaration of Ronald White," which was construed as a civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1). The complaint named Dr. Michael T. Bauman and the Southwest Dental Center as defendants. It was not on a Court-provided form.

In the complaint, plaintiff stated that in August 2020, he was treated by Dr. Bauman at the Southwest Dental Center, which is located in Jefferson City, Missouri. (Docket No. 1 at 1). According to plaintiff, Dr. Bauman "fractured [his] jaw" while extracting "several teeth from [his] mouth."

On January 4, 2021, while at the SECC, Dr. Brown x-rayed his jaw and confirmed that it "had been fractured as a result of the dental procedure performed by Dr. Bauman."

On February 22, 2021, plaintiff was again seen by Dr. Bauman at the Southwest Dental Center. (Docket No. 1 at 2). Plaintiff asserted that the visit was with regard to his jaw fracture, but that "Dr. Bauman was unaware that [plaintiff had] viewed the x-rays taken" at the SECC. Plaintiff alleged that "Dr. Bauman attempted to conceal [his] jaw fracture by misdiagnosing [him] with an [infection] in the jaw bone." Furthermore, plaintiff claimed that Dr. Bauman gave him antibiotics and scheduled an oral surgery, all to fight a nonexistent infection. Plaintiff suggested that the upcoming surgery was "unnecessary" and "may cause irreparable injury."

On March 12, 2021, the Court ordered plaintiff to file an amended complaint on a Court form. (Docket No. 5). The Court's order provided instructions to assist him in completing his amended complaint. Plaintiff was given thirty days in which to comply.

On March 24, 2021, plaintiff submitted a document titled "Memorandum," which the Court construed as a motion for a temporary restraining order and a motion for a 180-day extension of time in which to file an amended complaint. (Docket No. 6).

In support of his request for a temporary restraining order, plaintiff again stated that in August 2020, he was treated by Dr. Bauman at the Southwest Dental Center in Jefferson City, Missouri. (Docket No. 6-1 at 1). While extracting several teeth, Dr. Bauman allegedly "fractured [his] jaw." Plaintiff asserted that x-rays taken at the SECC on January 4, 2021 confirmed that his jaw had been fractured.

On February 22, 2021, plaintiff again saw Dr. Bauman at the Southwest Dental Center. According to plaintiff, Dr. Bauman "attempted to conceal [his] jaw fracture by misdiagnosing [him] with an [infection] in the jaw bone." (Docket No. 6-1 at 1-2). Dr. Bauman prescribed him

antibiotics and planned to perform oral surgery. (Docket No. 6-1 at 2). Plaintiff insisted that the infection is nonexistent, and that the procedure was unnecessary and "may cause irreparable injury." He further contended that a temporary restraining order must be issued because he "will suffer immediate and irreparable injury if this Court does not issue the TRO [before] Dr. Bauman has the chance to respond."

On March 25, 2021, the Court denied plaintiff's motion for a temporary restraining order. (Docket No. 7). The Court noted that plaintiff had not demonstrated a threat of irreparable harm, as there was no indication that he was being compelled to submit to the dental procedure, or that he could not otherwise refuse to undergo it. Furthermore, plaintiff had not shown a likelihood of success on the merits, as he had not established that Dr. Bauman had violated his constitutional rights. The Court also denied plaintiff's motion for a 180-day extension of time. The Court advised plaintiff that he had thirty days to either file an amended complaint as previously ordered, or to file a motion for voluntary dismissal without prejudice, which would allow him to file his 42 U.S.C. § 1983 action once he had exhausted his administrative remedies.

On March 25, 2021, plaintiff filed the instant motion, titled "Motion to Correct Filed Complaint." (Docket No. 8).

**The Motion**

In the instant motion, plaintiff states that he is "not requesting nor attempting to file a civil rights complaint under 42 U.S.C. § 1983" because he has not yet exhausted his administrative remedies. (Docket No. 8 at 1). Rather, plaintiff asserts that he is filing a temporary restraining order seeking injunctive relief. (Docket No. 8 at 2). He also seeks to add Corizon Medical Services as a defendant, as Dr. Bauman is contracted by Corizon to provide dental services.

3

Attached to the motion is an exhibit titled "Sworn Affidavit in Support of Emergency Preliminary Injunction and TRO." (Docket No. 8-2 at 1). As in his previous filings, plaintiff asserts that in August 2020, he was treated by Dr. Bauman, and that Dr. Bauman "fractured his jaw while extracting several teeth from his mouth." On January 4, 2021, while at SECC, Dr. Brown x-rayed plaintiff's "jaw and confirmed that it had been fractured as a result of the dental procedure performed by Dr. Bauman." Plaintiff refers to an attached medical lay-in as proof that Dr. Bauman fractured his jaw. The lay-in does note a jaw fracture, but says nothing about the cause of that fracture. (Docket No. 8-3).

On February 22, 2021, plaintiff again saw Dr. Bauman. He states that the visit was "with regard to his jaw fracture," though he also asserts that "Dr. Bauman was unaware that [plaintiff] had viewed the x-rays taken at S.E.C.C." Plaintiff alleges "that Dr. Bauman attempted to conceal his jaw fracture by misdiagnosing him with an infection in the jaw bone." Dr. Bauman gave him antibiotics and scheduled an oral surgery. Plaintiff "believes that the upcoming surgery is unnecessary and may cause irreparable injury." As such, plaintiff asks the Court to grant an "emergency preliminary injunction and TRO against defendants." (Docket No. 8-2 at 2).

## Discussion

Plaintiff is a self-represented litigant who has filed a document that has been construed as a motion for preliminary injunction and temporary restraining order. For the reasons discussed below, the motion will be denied.

Preliminary injunctive relief is an extraordinary remedy, never awarded as of right. *See Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). *See also Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011). As such, plaintiff has the burden

4

of proving that an injunction should be issued. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). *See also Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). These same standards also apply to a request for a temporary restraining order. *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (affirming district court's application of *Dataphase* factors to a motion for a temporary restraining order). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting" injunctive relief. *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986).

Here, plaintiff has not carried his burden of showing that a temporary restraining order should be issued. In particular, plaintiff has not established the threat of irreparable harm if a preliminary injunction and temporary restraining order are not issued. While plaintiff asserts that Dr. Bauman plans to perform surgery "within the coming weeks" that "may cause irreparable injury," he has provided absolutely no facts showing that he is being forced to undergo this procedure against his will. That is, there is nothing to demonstrate that Dr. Bauman – or anyone else – is somehow compelling plaintiff to submit to an unnecessary surgery, or that plaintiff cannot simply refuse. In other words, plaintiff has not explained why he cannot withhold his consent to

5

the surgery, rather than seeking Court intervention to restrain Dr. Bauman from performing any procedures.

Furthermore, plaintiff has presented no facts to support his conclusion that the procedure itself will cause him irreparable harm. Instead, he relates only that he "believes" it is "unnecessary" and that it "may cause irreparable injury."

Finally, there is no indication that Dr. Bauman is even aware of plaintiff's concerns. To the contrary, it appears that for whatever reason, plaintiff has not communicated his belief that his jaw has been fractured and that surgery is unnecessary. Indeed, he makes it a point to assert that when he saw Dr. Bauman on February 22, 2021, "Dr. Bauman was unaware that [plaintiff] viewed the x-rays taken at S.E.C.C." As such, plaintiff has not shown that a temporary restraining order is required to protect him from harm.

Plaintiff has also not demonstrated a likelihood of success on the merits. It appears that he is attempting to bring a 42 U.S.C. § 1983 action against Dr. Bauman, which requires him to establish the violation of a constitutionally protected federal right. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). However, plaintiff has not sufficiently alleged that Dr. Bauman was deliberately indifferent to his medical needs. Specifically, plaintiff has not established that Dr. Bauman's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). There are no facts to support the proposition that Dr. Bauman intended to fracture plaintiff's jaw. There are also no facts to support plaintiff's conclusion that Dr. Bauman is attempting to cover up the injury. In particular, plaintiff does not allege that Dr. Bauman was aware that plaintiff's jaw was fractured, or that Dr. Bauman had seen the x-rays taken at SECC. Thus, at most, plaintiff has presented facts showing that Dr. Bauman was negligent. Negligence does not constitute deliberate indifference.

6

*See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (stating that a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence).

Regarding the issue of whether a situation is ripe for injunctive relief, a court "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). Plaintiff has not presented facts showing either that a constitutional violation has already occurred, or that there is a real and immediate threat of a constitutional violation in the future. For these reasons, plaintiff's motion for a preliminary injunction and temporary restraining order is denied.

As explained in the Court's prior order, plaintiff shall have thirty days from March 25, 2021 in which to either file an amended complaint in accordance with the Court's March 12, 2021 order, or to file a motion for voluntary dismissal. If plaintiff files a motion for voluntary dismissal, the case will be dismissed without prejudice to plaintiff later refiling this action once his administrative remedies have been exhausted. If plaintiff does not file either an amended complaint or a motion for voluntary dismissal within thirty days from March 25, 2021, this action will be dismissed without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a preliminary injunction and temporary restraining order (Docket No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from March 25, 2021 in which to file either an amended complaint in accordance with the Court's March 12, 2021 order, or a motion for voluntary dismissal.

**IT IS FURTHER ORDERED** that if plaintiff does not file either an amended complaint or a motion for voluntary dismissal within **thirty (30) days** of March 25, 2021, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that if plaintiff files an amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 26th of March , 2021.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

8